Filed 6/13/25  P. v. Diaz CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN DIAZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B336635<br>(Super. Ct. No. PA059758)<br>(Los Angeles County) |

Steven Diaz appeals an order denying his petition for recall and resentencing filed pursuant to Penal Code section 1170, subdivision (d)(1)(A), and *People v. Heard* (2022) 83 Cal.App.5th 608, 634 (juvenile offender serving de facto sentence of life without parole may petition for recall and resentencing).[1]  We conclude that the trial court did not err by denying the recall and resentencing petition because Diaz's sentence of 40 years to life is not the functional equivalent of life without parole.  We affirm.

---

[1] All statutory references are to the Penal Code.

*FACTUAL AND PROCEDURAL HISTORY*

On January 16, 2007, then 17-year-old Diaz approached and shot Cesar Rivas, as Rivas sat in the driver's seat of his vehicle outside a local high school. Diaz was a member of the "SanFer" criminal street gang; Rivas was a member of a tagging crew. Diaz fired two gunshots through the driver's side window, striking Rivas near his lung and spine. Diaz testified at trial that he shot Rivas because Rivas disrespected him. Diaz also stated that he had been using methamphetamine for several days prior to the shooting.

A jury convicted Diaz of attempted murder and assault with a firearm. (§§ 664, 187, subd. (a), 245, subd. (a)(2).) The jury also found true allegations that the attempted murder was willful, deliberate, and premeditated; Diaz personally used and discharged a firearm and inflicted great bodily injury; and Diaz committed the crimes to benefit a criminal street gang. (§§ 12022.53, subds. (b)-(d), 12022.5, 12022.7, subd. (a), 186.22, subd. (b)(1)(C).)

The trial court sentenced Diaz to 40 years to life, consisting of 15 years to life for the attempted murder conviction and 25 years to life for the firearm enhancement. The court stayed sentence for the assault conviction pursuant to section 654. On appeal, we ordered clerical corrections to the sentence but otherwise affirmed. (*People v. Diaz* (May 24, 2010, B218837) [nonpub. opn.].)

On September 13, 2023, Diaz filed a petition for recall and resentencing pursuant to section 1170, subdivision (d)(1)(A), and *People v. Heard, supra*, 83 Cal.App.5th 608, 629 (juvenile offender's sentence of 103-years-to-life imprisonment a de facto sentence of life without parole). Diaz asserted that his sentence

of 40 years to life as a juvenile offender was the functional equivalent of life without parole.

The trial court denied Diaz's petition and noted that Diaz would be eligible for parole at age 42.

Diaz appeals and argues that the trial court erred by summarily denying his recall and resentencing petition. Whether a defendant is eligible to petition for a recall and resentencing pursuant to section 1170, subdivision (d)(1)(A) is a question of statutory interpretation that we review de novo. (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.)

*DISCUSSION*

Diaz asserts that the record reflects that his sentence is the functional equivalent of life without parole, relying upon *People v. Heard*, *supra*, 83 Cal.App.5th 608, and *People v. Sorto* (2024) 104 Cal.App.5th 435, 440. He asks that we remand the matter for reevaluation of his petition.

Section 1170, subdivision (d)(1)(A) generally allows a juvenile offender who has served at least 15 years of a sentence of life without parole to petition for recall of the sentence and resentencing to a term that includes an opportunity for parole. Based upon constitutional principles of equal protection, *People v. Heard*, *supra*, 83 Cal.App.5th 608, 629, expanded the reach of section 1170, subdivision (d)(1)(A) to juvenile offenders serving de facto sentences of life without parole. Courts have made clear, however, that not all lengthy sentences are equivalent to life without parole. (E.g., *People v. Olmos* (2025) 109 Cal.App.5th 580, 583 [33 years to life not functional equivalent of life without parole]; *People v. Munoz* (2025) 110 Cal.App.5th 499, 507 [50 years to life not functional equivalent to life without parole for section 1170, subdivision (d)(1) purposes].)

3

Diaz's sentence of 40 years to life is far less than the 103-years-to-life sentence imposed in *Heard* for attempted murder and voluntary manslaughter. It is also less than the 110-years-to-life term imposed in *People v. Caballero* (2012) 55 Cal.4th 262, 268; the 50-years-to-life term imposed in *People v. Contreras* (2018) 4 Cal.5th 349, 369; and the 140-years-to-life sentence for multiple homicides imposed in *People v. Sorto, supra,* 104 Cal.App.5th 435, 440.

In 2031, Diaz will be eligible for parole pursuant to the youthful parole offender scheme. (§ 3051.) He will then be 42 years old. That scheme aside, Diaz will be eligible for parole in any event after serving 40 years, at age 57. "[B]y no stretch of the imagination can this case be called a 'functional' or 'de facto' [life without parole sentence]." (*People v. Perez* (2013) 214 Cal.App.4th 49, 58.)

Diaz's sentence affords him an opportunity to reintegrate into society and realize his potential to participate as a productive member of society. (*People v. Contreras, supra,* 4 Cal.5th 349, 360 ["Although they may be punished with long sentences, [juveniles] must have 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation' "].)

Diaz's statistical evidence of prisoner life expectancy is not persuasive. Our Supreme Court, in the Eighth Amendment context, has commented upon the "legal and empirical difficulties" associated with an "actuarial approach." (*People v. Contreras, supra,* 4 Cal.5th 349, 364.)

4

*DISPOSITION*

The order denying the recall and resentencing petition is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.


CODY, J.

5

David Walgren, Judge

Superior Court County of Los Angeles

_____

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.